IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE KNOWLIN,

                                                             OPINION AND ORDER

                    Plaintiff,

                                                                12-cv-926-bbc

    v.

DEWAYNE GRAY, ANGELA ALT,
JAMES PARISI, MARTHA STACKER
and MOLLY SULLIVAN OLSON,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Lee Knowlin, a prisoner at the Oakhill Correctional Institution, in Oregon, Wisconsin, has filed a proposed complaint under 42 U.S.C. § 1983, along with a brief in support of the complaint. Plaintiff alleges that defendants DeWayne Gray, Angela Alt, James Parisi, Martha Stacker and Molly Sullivan Olson have refused to place him in "community custody," in violation of the due process clause and the equal protection clause of the Fourteenth Amendment.

      Plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), which means his complaint is now ready for screening under 28 U.S.C. § 1915A. Because I conclude that plaintiff has failed to state a claim upon which relief may be granted, I am dismissing the case.

      As an initial matter, I will assume that plaintiff may bring his claim under § 1983

1

rather than in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. When a prisoner wants to be placed in "a different program or location or environment," he must bring a claim under § 1983; if the prisoner is seeking a "quantum change in the level of custody," he must bring a habeas petition. Glaus v. Anderson, 408 F.3d 382, 387-88 (7th Cir. 2005). The line between the two kinds of cases can be fuzzy. For example, the court of appeals has concluded that the denial of work release privileges can be challenged in a civil suit, though it noted that the question was a close one. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991). In Hendershot v. Scibana, 04-C-291-C, 2004 WL 1354371 (W.D. Wis. June 10, 2004), I concluded that a prisoner should use a habeas petition to challenge the denial of a halfway house placement. See also Eaton v. United States, 178 F.3d 902, 903 (7th Cir. 1999) ("[A] claim to be entitled to release from a more to a less restrictive form of custody is within the scope of the habeas corpus statute."); Ramsey v. Brennan, 878 F.2d 995 (7th Cir.1989) (halfway house is "a twilight zone between prison and freedom").

"Community custody" is defined broadly in the Wisconsin regulations to mean "the custody classification which permits inmates to participate in off-grounds activities." Wis. Admin. Code § DOC 324.03. It encompasses a number of different programs, Wis. Admin. Coe § DOC 302.05, some of which seem to more closely resemble Graham (work or study release) and others that are closer to Hendershot (community residential confinement). However, in this case, plaintiff says he is seeking transfer to a different institution and work release, so I will assume that Graham is controlling.

With respect to his equal protection claim, plaintiff does not allege that defendants

2

are refusing to place him in community custody for a reason that is subject to heightened scrutiny, such as race. Rather, he is bringing a "class of one" claim in which he alleges that he was treated differently not because he belonged to a particular group, but for reasons personal to him. In particular, he says that defendants' decision was "fueled by personal animus because he had exercised his rights under the administrative rules and DAI policies to be on voluntary unassign[ed] status instead of working in the kitchen." Cpt. ¶ 23, dkt. #23. He refers to statements that some of defendants allegedly made to him that they would not recommend him for community custody because he would not take a prison job. Although he acknowledges that he declined to take a job at the Oakhill prison, he says that Division Policy of Adult Institution Policy No. 309.55.00.01 "confers a right on inmates to be on voluntary unassigned" status. Cpt. ¶ 13, dkt. #23.

Plaintiffs' claim has two problems. First, although the Court of Appeals for the Seventh Circuit has not decided definitively what the elements are of a class of one claim, Del Marcelle v. Brown County Corp., 680 F.3d 887 (7th Cir. 2012) (en banc), at the least, a plaintiff must show "that he was intentionally treated differently from other similarly situated individuals and that there was no rational basis for this difference in treatment." Thayer v. Chiczewski, 697 F.3d 514, 531-32 (7th Cir. 2012). In this case, plaintiff has identified in his complaint what the rational basis is: he refused to work at the Oakhill prison. Although plaintiff says that there was a policy that permitted him not to work, he does not point to any rule that prohibited defendants from considering his work status in considering him for community custody. Even if there were such a rule, that would not

make defendants' treatment of plaintiff irrational.  To the extent defendants violated a state regulation, that is an issue plaintiff could raise in a writ of certiorari in state court, but it is not a violation of his right to equal protection of the laws under the United States Constitution.

In another part of plaintiff's complaint, he alleges that defendants placed other prisoners in community custody "without imposing a work instruction" on them, suggesting that he believes that he is being treated differently from similarly situated prisoners.  Cpt. ¶ 22, dkt. #1.  However, he does not allege that any of those prisoners *refused* to work prison jobs, so his allegation is not "sufficient to overcome the presumption of rationality that applies to government classifications," St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007), which is what plaintiff must do to state a claim under the equal protection clause.

Even if plaintiff had alleged that defendants placed other prisoners in community custody despite those prisoners' refusal to work, I could not allow plaintiff to proceed on this claim.  Because there are so many factors that could influence a classification decision, plaintiff could not show irrational discrimination simply because one factor is the same.  In fact, in Engquist v. Oregon Department of Agriculture, 553 U.S. 591 (2008), the Supreme Court held that a plaintiff cannot bring a "class of one" claim under certain circumstances involving discretionary decision making, such as employment.  See also Abcarian v. McDonald, 617 F.3d 931, 939 (7th Cir. 2010) ("[I]nherently subjective discretionary governmental decisions may be immune from class-of-one claims."); United States v. Moore,

4

543 F.3d 891, 898-901 (7th Cir. 2008) (no class of one claim for discriminatory prosecution). In a number of previous cases, I have relied on Engquist to question whether a prisoner could bring a class of one claim. E.g., Jackson v. Flieger, 2012 WL 5247275, *4 (W.D. Wis. 2012) (discriminatory disciplinary decision); Upthegrove v. Holm, 2009 WL 1296969, *1 (W.D. Wis. 2009). See also Dawson v. Norwood, 2010 WL 2232355, *2 (W.D. Mich. 2010) ("The class-of-one equal protection theory has no place in the prison context where a prisoner challenges discretionary decisions regarding security classifications and prisoner placement."); Alexander v. Lopac, 2011 WL 832248, *2 (N.D. Ill. 2011) (applying Engquist in prison context); Russell v. City of Philadelphia, 2010 WL 2011593, at *9 (E.D. Pa. 2010) (same).

Like Engquist and these other cases, plaintiff is challenging decisions that "by their nature involve discretionary decision-making based on a vast array of subjective, individualized assessments." Engquist, 553 U.S. at 603. Although plaintiff says that defendants' discretion is limited by factors such as those listed in Wis. Admin. Code § DOC 302.07, those factors include things such as the "nature and seriousness of the offense" and the "inmate's record of adjustment," which are broad and require significant judgment to apply. (In fact, one of the factors is the "inmate's performance or refusal to participate in programs or treatment," Wis. Admin. Code § DOC 302.07(10), which arguably applies to plaintiff's refusal to work.) Even if plaintiff is correct that there are additional policies that provide more guidance, a custody classification, like an employment decision, necessarily requires an exercise of discretion. Accordingly, I am dismissing plaintiff's equal protection

5

claim.

Plaintiff's due process claim is a little harder to follow. He does not allege that defendants failed to provide him a hearing or any other process before making their decision. Instead, he says that "to punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." Plt.'s Br., dkt. #2 at 4. Plaintiff seems to be repeating his argument that defendants violated a prison policy by taking into consideration his refusal to work, but again, that is an issue of state law, not federal law. Accordingly, I am dismissing this claim as well.

ORDER

IT IS ORDERED that

1. This case is DISMISSED for plaintiff Lee Knowlin's failure to state a claim upon which relief may be granted.

2. Plaintiff is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fees have been paid in full.

4. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

5. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 13th day of February, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge